EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
THE LAW OFFICE OF DEBORAH M. GOLDEN
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.J.M., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; DARRELL | ) |
| SMITH, in his individual capacity; ANDREW | ) |
| JONES, in his individual capacity; RAY | ) |
| GARCIA, in his individual capacity. | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1. Plaintiff I.J.M. served a sentence in the Bureau of Prisons and was housed at Federal Correctional Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for approximately one year.

2. While housed at FCI Dublin, Plaintiff I.J.M. faced constant sexual harassment and abuse.

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. Plaintiff I.J.M. is currently battling long-lasting traumatization.

## JURISDICTION AND VENUE

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff I.J.M. will be filing an administrative motion to relate this case to those other cases.

## PARTIES

9. Plaintiff I.J.M. was at all times relevant here incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. Defendant Darrell Smith was a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

12. Defendant Andrew Jones was a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

13. Defendant Ray Garcia was the Warden and PREA Coordinator during the time of this abuse. He is sued in his individual capacity.

14. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff I.J.M. Plaintiff I.J.M. was dependent upon Defendant United States for her personal security and necessities.

15. In performing the acts and/or omissions contained herein, Defendants Smith, Jones, and Garcia acted under color of federal law, and Plaintiff I.J.M. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff I.J.M. Each knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff I.J.M. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendants United States and Garcia failed to take steps to protect Plaintiff I.J.M. and to ensure her rights to safety from sexual abuse.

**FACTS**

16. From July 2021 through July 2022, Plaintiff I.J.M. was incarcerated at FCI Dublin.

17. She faced frequent sexual harassment and unwanted and lewd comments about her body and appearance.

18. When Plaintiff I.J.M. first arrived at FCI Dublin, she had a job cleaning up the front desk area.

19. Defendant Darrell "Dirty Dick" Smith was one of the officers with whom she regularly had to interact.

20. He would frequently make inappropriate comments about the way she looked, telling her how pretty she was, and asking her questions about her sex life.

21. Plaintiff I.J.M. was very uncomfortable with these questions. She had already heard rumors about the inappropriate relationships Defendant Smith had with other prisoners and she did not want him to pay her any attention.

22. On at least three occasions, Defendant Smith followed her into the closet when she needed to get cleaning supplies.

23. On those occasions, he stood close to her, pressing his genitals against her in the closet, and Plaintiff I.J.M. was scared that he was going to rape her.

24.     Plaintiff I.J.M. took a job in the kitchen so that she could get away from Defendant Smith.

25.     Defendant Andrew Jones supervised Plaintiff I.J.M. in the kitchen.

26.     When Plaintiff I.J.M. got to the kitchen, she learned that Defendant Jones was also sexually abusing prisoners.

27.     He propositioned her for sex on many occasions. She always declined, but she feared that he would sexually abuse her.

28.     Defendant Jones sought out opportunities to be alone with her, even though it was not permitted for male correctional officers to be alone with female prisoners. He would stand uncomfortably close to her, intimidating her with his physical presence.

29.     He commented on how young and attractive she was. He would grab her hand and hold it against her will.

30.     At some point, when it became clear that Plaintiff I.J.M. was not going to engage in a sexual relationship with Defendant Jones, he got very mean.

31.     He denied her food by ordering the workers in the dining hall not to provide her with food.

32.     Defendant Jones screamed at her and called her vulgar names, making her feel unsafe and intimidated.

33.     When Plaintiff I.J.M. tried to leave her job to get away from Defendant Jones, she could not get the necessary paperwork signed off on. She was able to avoid Defendant Jones only by attempting to work  on days that he was not present.

34.     Plaintiff I.J.M. tried reporting the sexual harassment by Defendant Jones to Officer Gleze, but Officer Gleze did nothing.

35.     Plaintiff I.J.M. constantly felt scared that she was going to be the next victim of Defendant Smith and Defendant Jones.

36.     She was also terrified to report the behavior because, on the one occasion she did, she was not believed or helped, and she felt that she would only be retaliated against like other prisoners she had seen who had experienced the same fate.

37. As a result of the threat she lived under, Plaintiff I.J.M. continues to live with anxiety.

38. Plaintiff I.J.M. decided to file a Prison Rape Elimination Act ("PREA") complaint about Defendant Jones shortly before she was transferred out of FCI Dublin.

39. No one followed up with her about the complaint.

40. Plaintiff I.J.M. also filed a PREA complaint about Defendant Jones after being transferred to West Virginia.

41. As a result of her complaint, BOP staff checked her vital signs, but otherwise, nothing was done.

42. These failed attempts to report her abuse left Plaintiff I.J.M. feeling like no one would believe her or take her complaints seriously.

43. She was not provided any update on the investigation at FCI Dublin, and her experience was that investigations usually sided with the correctional officers. She felt hopeless.

44. Defendants Smith and Jones harassed, assaulted, and battered Plaintiff I.J.M. openly. Their behavior was notorious and known throughout the prison.

45. Defendant Garcia, as Warden and PREA Coordinator, knew or should have known that Plaintiff I.J.M., as well as so many others, were victims of these predators.

46. As Warden and PREA Coordinator, Defendant Garcia was obligated to protect Plaintiff I.J.M. from sexual abuse.

47. Defendant Garcia failed to protect Plaintiff I.J.M. and so many other women by permitting Defendants Smith and Jones to carry on with their sexual abuse of prisoners, including Plaintiff I.J.M.

**EXHAUSTION**

48. On February 7, 2025, Plaintiff I.J.M., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

49. The BOP acknowledged receipt on February 20, 2025.

50. The BOP has not substantively responded to her claim.

## EQUITABLE TOLLING

51.     Plaintiff I.J.M. is entitled to equitable tolling for her FTCA Claim received by the BOP on February 20, 2025.

52.     The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

53.     Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

54.     Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue a claim).

55.     Plaintiff I.J.M. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

56.     A court-appointed Special Master confirmed that during the time of Plaintiff I.J.M.'s incarceration, "there was no safe or consistent path women could take to file sex abuse complaints," that women were "intimidated and forced to justify why they needed to complete [PREA] forms in the first place," and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions which extended their incarceration.[1]

57.     Plaintiff I.J.M. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

---

[1] Lisa Fernandez, FCI Dublin Special Master Finds 'Cascade Failures at Women's Prison, KTVU (Aug. 20, 2024), https://www.ktvu.com/news/fci-dublin-special-master-finds-cascade-failures-womens-prison; Lisa Fernandez, Special Master Issues 1st Report on FCI Dublin Sex Assault, KTVU (Aug. 19, 2024), https://www.ktvu.com/news/special-master-issues-1st-report-fci-dublin-sex-assault; Lisa Fernandez, FCI Dublin Special Master Authorized to Ensure Women Care for at Other Prisons: Judge, KTVU (May 21, 2024), https://www.ktvu.com/news/fci-dublin-special-master-authorized-to-ensure-women-cared-for-at-other-prisons-judge

58.     Plaintiff I.J.M. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

59.     Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff I.J.M.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

60.     Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

61.     Plaintiff I.J.M. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Defendants Smith, Jones, and Garcia.

62.     The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

63.     These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

64.     Their positions as correctional officers and a PREA coordinator were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

65.     Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

66.     Defendants Smith and Jones discriminated against Plaintiff I.J.M. based on her gender when they repeatedly sexually harassed her, sexually battered her, and attempted to coerce her into engaging in sexual acts with them.

67. Defendant Garcia knew of or should have known of the misconduct of Defendants Smith and Jones and failed to intervene to protect Plaintiff I.J.M.

68. By these acts, Defendants Smith, Jones, and Garcia caused Plaintiff I.J.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendants Smith, Jones, and Garcia)**
**(FTCA; Cal. Civ. Code § 52.4)**

69. Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

70. Plaintiff I.J.M. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendants Smith, Jones, and Garcia.

71. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

72. Their positions as correctional officers and a PREA coordinator were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

73. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

74. Plaintiff has a nonfrivolous argument that Defendants Smith, Jones, and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

75. Defendants Smith and Jones discriminated against Plaintiff I.J.M. based on her gender when they repeatedly sexually harassed her, sexually battered her, and attempted to coerce her into engaging in sexual acts with them.

76. Defendant Garcia knew of or should have known of the misconduct of Defendants Smith and Jones and failed to intervene to protect Plaintiff I.J.M.

77. By these acts, Defendants Smith, Jones, and Garcia caused Plaintiff I.J.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

**THIRD CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant United States)**
**(FTCA; California Common Law)**

78. Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

79. Plaintiff I.J.M. brings this claim for sexual assault under the Federal Tort Claims Act for violation of Plaintiff's rights established by California common law against the United States based on the conduct of its employees, Defendants Smith, Jones, and Garcia.

80. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

81. Their positions as correctional officers and a PREA coordinator were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

82. Defendants Smith and Jones violated Plaintiff I.J.M.'s right to be free from sexual assault by repeatedly causing her to fear imminent sexual abuse while she was incarcerated.

83. Defendant Garcia knew of or should have known of the misconduct of Defendants Smith and Jones and failed to intervene to protect Plaintiff I.J.M.

84. Defendants Smith's and Jones' sexual abuse of Plaintiff I.J.M. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

85. Defendants Smith and Jones subjected Plaintiff I.J.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff I.J.M.'s person.

86. Defendant Garcia intentionally permitted Defendants Smith and Jones to prey on Plaintiff I.J.M. to cause a harmful or offensive contact with Plaintiff I.J.M.'s person.

87. By intentionally subjecting Plaintiff I.J.M. to sexual acts and/or failing to protect her from such acts, Defendants Smith, Jones, and Garcia acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

88. By repeatedly subjecting Plaintiff I.J.M. to sexual acts and/or failing to protect her from such acts, Defendants Smith, Jones, and Garcia caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

## FOURTH CLAIM FOR RELIEF
### SEXUAL ASSAULT
**(against Defendants Smith, Jones, and Garcia)**
**(California Common Law)**

89.     Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

90.     Plaintiff I.J.M. brings this claim for sexual assault under California common law against Defendants Smith, Jones, and Garcia.

91.     Defendants Smith and Jones violated Plaintiff I.J.M.'s right to be free from sexual assault by repeatedly causing her to fear imminent sexual abuse while she was incarcerated.

92.     Defendant Garcia knew of or should have known of the misconduct of Defendants Smith and Jones and failed to intervene to protect Plaintiff I.J.M.

93.     Defendants Smith's and Jones' sexual abuse of Plaintiff I.J.M. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

94.     Defendants Smith and Jones subjected Plaintiff I.J.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff I.J.M.'s person.

95.     Defendant Garcia intentionally permitted Defendants Smith and Jones to prey on Plaintiff I.J.M. to cause a harmful or offensive contact with Plaintiff I.J.M.'s person.

96.     By intentionally subjecting Plaintiff I.J.M. to sexual acts and/or failing to protect Plaintiff I.J.M. from these sexual acts, Defendants Smith, Jones, and Garcia acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

97.     By repeatedly subjecting Plaintiff I.J.M. to sexual acts and/or failing to protect Plaintiff I.J.M. from these sexual acts, Defendants Smith, Jones, and Garcia caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

## FIFTH CLAIM FOR RELIEF
### SEXUAL BATTERY
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

98.     Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

*I.J.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 10

99.     Plaintiff I.J.M. brings this claim for battery under the Federal Tort Claims Act based on California civil code section 1708.5 against the United States for the conduct of its employees Defendants Smith and Jones.

100.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

101.    Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

102.    Defendants Smith and Jones committed battery against Plaintiff I.J.M. by repeatedly engaging in unwanted sexual touching of her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

103.    The unwanted sexual touching of Plaintiff I.J.M., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

104.    Defendants Smith and Jones subjected Plaintiff I.J.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff I.J.M.'s person.

105.    Defendant Garcia knew of or should have known of the misconduct of Defendants Smith and Jones and failed to intervene to protect Plaintiff I.J.M.

106.    By these acts, Defendants Smith, Jones, and Garcia caused Plaintiff I.J.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

### SIXTH CLAIM FOR RELIEF
### BATTERY
### (against Defendants Smith, Jones and Garcia)
### (California Common Law)

107.    Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

108.    Plaintiff I.J.M. brings this claim for battery under the Federal Tort Claims Act based on California common law against Defendants Smith and Jones.

109.    Defendants Smith and Jones committed battery against Plaintiff I.J.M. by repeatedly engaging in unwanted sexual touching of her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

110. The unwanted sexual touching of Plaintiff I.J.M., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

111. Defendants Smith and Jones subjected Plaintiff I.J.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff I.J.M.'s person.

112. Defendant Garcia knew of or should have known of the misconduct of Defendants Smith and Jones and failed to intervene to protect Plaintiff I.J.M.

113. By these acts, Defendants Smith, Jones, and Garcia caused Plaintiff I.J.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

### SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (against Defendant United States)
#### (FTCA; California Common Law)

114. Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

115. Plaintiff I.J.M. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendants Smith, Jones, and Garcia.

116. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

117. Their positions as correctional officers and a PREA coordinator were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

118. Defendants Smith and Jones engaged in outrageous conduct by repeatedly subjecting Plaintiff I.J.M. to sexual acts while she was incarcerated as an inmate in their employer's custody. They abused their authority over Plaintiff I.J.M. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

119. Defendant Garcia knew of or should have known of the misconduct of Defendants Smith and Jones and failed to intervene to protect Plaintiff I.J.M.

*I.J.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 12

120. Defendants Smith's, Jones', and Garcia's sexual abuse and/or failure to protect from sexual abuse caused Plaintiff I.J.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

121. Defendants Smith and Jones intended to cause Plaintiff I.J.M. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of an inmate.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendants Smith, Jones, and Garcia)**
**(California Common Law)**

122. Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

123. Plaintiff I.J.M. brings this claim for the intentional infliction of emotional distress against Defendants Smith, Jones, and Garcia.

124. Defendants Smith and Jones engaged in outrageous conduct by repeatedly subjecting Plaintiff I.J.M. to sexual acts while she was incarcerated as an inmate in their employer's custody. They abused their authority over Plaintiff I.J.M. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

125. Defendant Garcia engaged in outrageous behavior by intentionally failing to protect Plaintiff I.J.M. from the rampant sexual abuse occurring at FCI Dublin while he was the Warden and PREA Coordinator.

126. Defendants Smith's and Jones' sexual abuse and Garcia's sexual abuse and/or failure to protect from sexual abuse caused Plaintiff I.J.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

127. Defendants Smith and Jones intended to cause Plaintiff I.J.M. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of an inmate.

## NINTH CLAIM FOR RELIEF
### BANE ACT
**(against all Defendants)**
**(FTCA; Cal. Civ. Code § 52.1)**

128.    Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

129.    Plaintiff I.J.M. was in the custody and control of the United States during all relevant times.

130.    Defendants Smith, Jones, and Garcia violated Plaintiff I.J.M.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

131.    Defendant United States, by the actions of its employees Smith, Jones, and Garcia, interfered with Plaintiff I.J.M.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

132.    As a proximate result of these acts, Plaintiff I.J.M. sustained damage and injury.

## TENTH CLAIM FOR RELIEF
### TRAFFICKING VICTIMS PROTECTION ACT
**(against all Defendants)**
**(18 U.S.C. § 1581, *et seq.*)**

133.    Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

134.    Defendants Smith and Jones knowingly attempted to recruit, entice, and solicit Plaintiff I.J.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

135.    Defendant Garcia knowingly permitted such abuse to run rampant at FCI Dublin and, by failing to address PREA violations, took action and/or inaction that permitted abuse of Plaintiff I.J.M. to occur.

136.    Defendants Smith and Jones attempted to make Plaintiff I.J.M. engage in sex acts and placed Plaintiff I.J.M. in fear of being forced to commit sex acts through force and coercion.

137.    This conduct has caused Plaintiff I.J.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

### ELEVENTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.5)

138.    Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

139.    Defendants Smith and Jones knowingly attempted to recruit, entice, and solicit Plaintiff I.J.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

140.    Defendant Garcia knowingly permitted such abuse to run rampant at FCI Dublin and, by failing to address PREA violations, took action and/or inaction that permitted abuse of Plaintiff I.J.M. to occur.

141.    Defendants Smith and Jones attempted to make Plaintiff I.J.M. engage in sex acts and placed Plaintiff I.J.M. in fear of being forced to commit sex acts through force and coercion.

142.    Defendant United States employed Defendants Smith, Jones, and Garcia, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

143.    This conduct has caused Plaintiff I.J.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

*I.J.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 15

## TWELFTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendants Smith, Jones, and Garcia)
### (Cal. Civ. Code § 52.5)

144.   Plaintiff I.J.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

145.   Defendants Smith and Jones knowingly attempted to recruit, entice, and solicit Plaintiff I.J.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

146.   Defendant Garcia knowingly permitted such abuse to run rampant at FCI Dublin and, by failing to address PREA violations, took action and/or inaction that permitted abuse of Plaintiff I.J.M. to occur.

147.   Defendants Smith and Jones attempted to make Plaintiff I.J.M. engage in sex acts and placed Plaintiff I.J.M. in fear of being forced to commit sex acts through force and coercion.

148.   This conduct has caused Plaintiff I.J.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

### PRAYER FOR RELIEF

149.   Plaintiff I.J.M. prays for judgment against Defendant, and each of them, as follows:

(a)   An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff I.J.M. in an amount to be determined at trial;

(b)   An award to Plaintiff I.J.M. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c)   For such other and further relief as this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff I.J.M. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: January 27, 2026          SIEGEL, YEE, BRUNNER & MEHTA


By:_____
        EmilyRose Johns

THE LAW OFFICE OF DEBORAH M. GOLDEN


By: /s/ *Deborah M. Golden*
      Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*